■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH WALKER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered April 13, 1989, convicting him of criminal sale of a controlled substance in the third degree and criminal posses-

sion of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On August 23, 1988, the defendant was arrested, after a "buy and bust" operation, for selling $30 worth of crack-cocaine to an undercover police officer. At trial, the police officers involved in the undercover operation testified that they had made several "buys" on August 23, 1988, in addition to the one involving the defendant, and that two suspects who were involved in one of the other "buys" were never apprehended. The officers insisted, however, that there were no "lost subjects" in connection with the defendant's arrest.

The defendant contends that the trial court erred by denying his request to compel the People to produce the arrest reports of the other purchases made by the police on August 23, 1988. He claims that these reports were material to his defense theory that one of the "lost subjects" referred to by the police witnesses was the person who made the sale with which he was charged. In support of this claim, the defendant speculated that the arrest reports of the other purchases might have contradicted the testimony of the police witnesses by indicating that one of the "lost subjects" was not involved in the other transactions, and by implication, was the person involved in the sale with which he was charged.

Contrary to the defendant's contention, there is no evidence that the arrest reports of the other purchases made by the police contained any exculpatory information mandating disclosure under *Brady v Maryland* (373 US 83). The defendant did not establish a foundation indicating that the arrest reports of the other purchases contained information to controvert the undercover police officer's testimony that it was the defendant, not any of the alleged "lost subjects", who had sold him the drugs involved in the subject transaction. The police officers were cross-examined extensively on the defense's "lost subject" theory, and the trial court did not improvidently exercise its discretion in denying production of the arrest records, which were, in effect, being sought solely for impeachment purposes *(see, People v Gissendanner*, 48 NY2d 543, 551).

We have examined the defendant's remaining contentions and find that they are without merit. Mangano, P. J., Sullivan, Balletta and Ritter, JJ., concur.